

**RECEIVED**

APR 11 2019

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY_____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| UNITED STATES OF AMERICA | * | CRIMINAL NO. 17-00295-01 |
| --- | --- | --- |
| | * | |
| VERSUS | * | CHIEF JUDGE HICKS |
| | * | |
| PAUL ANDREW TALLEY | * | MAGISTRATE JUDGE HORNSBY |

## PLEA AGREEMENT

A.   INTRODUCTION

1.   This document contains the complete plea agreement between the government and PAUL ANDREW TALLEY, the defendant. No other agreement, understanding, promise, or condition exists, nor will any such agreement, understanding, promise or condition exist unless it is committed to writing in an amendment attached to this document and signed by the defendant, an attorney for the defendant, and an attorney for the government. The terms of this plea agreement are only binding on the defendant and the government if the Court accepts the defendant's guilty plea.

B.   THE DEFENDANT'S OBLIGATIONS

1.   PAUL ANDREW TALLEY shall appear in open court and plead guilty to Count One and consent to the Forfeiture Allegation of the Indictment pending in this case.

C.   THE GOVERNMENT'S OBLIGATIONS

1.   If the defendant completely fulfills all of his obligations and agreements

under this plea agreement, the government agrees to dismiss the remaining counts of the indictment after sentencing, and it will not prosecute the defendant for any other offense known to the United States Attorney's Office, based on the investigation which forms the basis of the indictment.

2. The government will and hereby moves pursuant to U.S.S.G. § 3E1.1(b) for the defendant to receive a one-point reduction in his offense level should that offense level be 16 or greater, as the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.

D. SENTENCING

PAUL ANDREW TALLEY understands and agrees that:

1. The maximum punishment on Count 1 of the Indictment is a term of imprisonment of not less than ten (10) years nor more than twenty (20) years, pursuant to 18 U.S.C. § 2252A(b)(2) and a fine of up to $250,000, pursuant to 18 U.S.C. § 3571;

2. The defendant also understands that if any image of child pornography involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age, the defendant shall be fined not more than $250,000.00 and imprisoned for not more than 20 years pursuant to 18 U.S.C. 2252A(b)(2).

3. The defendant shall be required to pay a special assessment of $100 **at**

**the time of the guilty plea** by means of a cashier's check, bank official check, or money order payable to "Clerk, U.S. District Court";

4. He may receive a term of Supervised Release of not less than five (5) years and no more than life, pursuant to 18 U.S.C. § 3583(k), in addition to any term of imprisonment imposed by the Court;

5. A violation of any condition of supervised release at any time during the period of supervised release may result in the defendant being incarcerated over and above any period of imprisonment initially ordered by the Court;

6. The period of incarceration for a violation of a condition of supervised release could be as much as the full term of supervised release initially ordered by the Court regardless of the amount of time of the supervised release the defendant had successfully completed;

7. In addition to the penalties set forth in the preceding paragraphs, the Court may order the defendant to make restitution to the victim(s) in this case and that the amount of restitution and method of payment is in the discretion of the Court;

8. Any fine and/or restitution imposed as part of the defendant's sentence will be made due and payable immediately, and any federal income tax refund received by the defendant from the Internal Revenue Service while there is an outstanding fine and/or restitution shall be applied toward the fine and/or restitution award;

9. As part of the presentence investigation, the government will make

available to the Court all evidence developed in the investigation of this case;

10. This case is governed by the Sentencing Reform Act as modified by <u>United States v. Booker</u>, 543 U.S. 220 (2005), that the defendant has discussed the Sentencing Guidelines and their applicability with defendant's counsel, and understands and acknowledges that a final determination of the applicable guidelines range cannot be made until the completion of the presentence investigation;

11. The sentencing judge alone will decide what sentence to impose; and,

12. The failure of the Court to adhere to a sentencing recommendation tendered by counsel shall not be a basis for setting aside the guilty plea which is the subject of this agreement.

E. <u>ADAM WALSH ACT REGISTRATION REQUIREMENTS</u>

The defendant has been advised, and understands, that pursuant to 18, United States Code, Sections 2250 and 3583(d), he/she must register and keep the registration current in each of the following jurisdictions: where he resides, where he is an employee, and where he is a student. The defendant understands that the requirements for registration include providing his name, his residence address, and the names and addresses of any place where he is or will be an employee or a student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of his name, residence, employment, or student status. The defendant has been advised, and understands, that failure to comply with these obligations

subjects him to prosecution for failure to register which is punishable by a fine, or imprisonment, or both.

F.  ENTIRETY OF AGREEMENT

This plea agreement consists of this document and the sealed addendum required by Standing Order 1.86. References in this document to "agreement" or "plea agreement" refer to both this document and the sealed addendum. The defendant, the defendant's attorney, and the government acknowledge that this agreement is a complete statement of the parties' agreement in this case. It supersedes all other plea agreements and may not be modified unless the modification is in writing and signed by all parties. No other promises have been made or implied.

G.  SIGNATURE OF ATTORNEY FOR THE DEFENDANT, THE DEFENDANT, AND THE ATTORNEY FOR THE GOVERNMENT

I have read this plea agreement and have discussed it fully with my client, PAUL ANDREW TALLEY. I concur in PAUL ANDREW TALLEY pleading guilty as set forth in this plea agreement.

Dated: 10 April 2019

JOEL L. PEARCE
Counsel for Defendant

I have read this plea agreement and have discussed it with my attorney. I fully understand the plea agreement and accept and agree to it without reservation. I do this voluntarily and of my own free will. No threats have been made to me, nor am I under the influence of anything that could impede my ability to fully understand this plea agreement.

I am satisfied with the legal services provided by my attorney in connection with this plea agreement and the matters related to this case.

Dated: 4-11-19

PAUL ANDREW TALLEY
Defendant

I accept and agree to this plea agreement on behalf of the United States of America.

DAVID C. JOSEPH
United States Attorney

Dated: 4/11/19

F. MICHAEL O'MARA
Assistant United States Attorney