UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 17-00295-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| PAUL ANDREW TALLEY | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Petitioner Paul Andrew Talley's ("Talley") Motion for Compassionate Release. See Record Document 94; see also Record Document 101. Talley seeks compassionate release due to the COVID-19 outbreak at FCI Oakdale and due to "extreme family circumstances." Id. The Government has responded in opposition to Talley's motion. See Record Document 98. For the reasons set forth below, Talley's Motion for Compassionate Release is hereby **DENIED**.

**BACKGROUND**

On April 11, 2019, Talley pled guilty before Magistrate Judge Hornsby to one count of access with intent to view child pornography in violation of Title 18, United States Code, Section 2252A(a)(5)(B). See Record Documents 62, 66, & 68. This Court accepted the guilty plea on April 30, 2019. See Record Document 69. On September 18, 2019, Talley was sentenced to 120 months of imprisonment, the statutory mandatory minimum, and supervised release for a term of five years. See Record Documents 75 & 76.

According to the Presentence Investigation Report, the FBI executed a search warrant at Talley's home. See Record Document 74 at ¶ 11. In his bedroom, agents found a computer containing thousands of thumbnails of child pornography and search terms involving child pornography. See id. at ¶¶ 11-13. Some of the images reflected

prepubescent minors and sadistic or masochistic conduct. See id. at ¶ 13. Talley had previously been convicted in Georgia in 2011 of sexual exploitation of children and criminal attempt to entice a child for indecent purposes. See id. at ¶¶ 35-36.

Talley is currently incarcerated at Oakdale I FCI. His projected release date is May 26, 2026. He has served roughly 35% of his term of imprisonment.

## LAW AND ANALYSIS

Talley seeks compassionate release due to generalized fears of COVID-19 and further argues he is at higher risk because of his "hypertension and traumatic brain injury." Record Document 94 at 16. He also states that he takes the medication Lisinopril on a daily basis and such medication "is proven to increase the chance of becoming ill and or death from Covid-19." Id. at 1. Talley also references "extreme family circumstances," which appears to relate to the medical condition of his mother, Marsha Woodard. See Record Documents 94-6, 108.[1]

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S.Ct. 2683, 2690 (2010). Title 18, United States Code, Section 3582(c) provides that the Court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

(1)    upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);
(2)    "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or

---

[1] Talley also asserts that BOP has violated his Eighth Amendment right to be free from cruel and unusual punishment by deliberately ignoring his health needs. See Record Document 94. Such claim is not cognizable in the instant motion and should be brought as a Bivens action.

    (3)    where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

In this case, Talley moves to modify his sentence under 18 U.S.C. § 3582(c)(1)(A). Under this section, the Court may reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018, only the Director of the BOP could file Section 3582(c)(1)(A) motions, also known as compassionate release motions. In 2018, Congress passed, and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, Section 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. However, before filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

    (1)    prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or
    (2)    prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3582(c)(1)(A). Talley has exhausted his administrative remedies and the Court will proceed to the merits of his motion.

Subject to considerations of 18 U.S.C. § 3553(a), Section 3582(c)(1)(A) permits a reduction in Talley's term of imprisonment if the Court determines that extraordinary and compelling reasons warrant a reduction. The reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Previously, a district court was confined to the policy statements set forth

in U.S.S.G. § 1B1.13 to determine whether a compelling reason existed to grant release. However, the Court of Appeals for the Fifth Circuit recently vacated this restricted examination finding that the policy statements contained under U.S.S.G. § 1B1.13 are only binding on the Court when the motion for compassionate release is brought on the prisoner's behalf by the BOP. See U.S. v. Shkambi, No. 20-40543, 2021 WL 1291609, at *3 (5th Cir. 04/07/2021). The Fifth Circuit instructed that a district court considering a motion for compassionate release brought by the prisoner himself "is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." Id. at *4. Shkambi did not, however, render § 1B1.13 irrelevant with respect to defendant-filed motions under Section 3582(c)(1)(A), as the Fifth Circuit has long recognized that although not dispositive, the commentary to § 1B1.13 informs the district court's analysis as to what reasons may be sufficiently extraordinary and compelling to necessitate compassionate release. See U.S. v. Robinson, No. 3:18-CR-00228-01, 2021 WL 1723542 (W.D. La. 04/30/2021), citing U.S. v. Thompson, 984 F.3d 431, 433 (5th Cir. 2021). While not binding, § 1B1.13 suggests that the following are deemed extraordinary and compelling reasons warranting a sentence reduction: (1) the defendant's medical conditions; (2) the defendant's age; (3) family circumstances; or (4) other reasons. See U.S.S.G. § 1B1.13, cmt. n.1; see also Thompson, 984 F.3d at 433.

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." U.S. v. Stowe, No. H-11-803(1), 2019 WL 4673725 at *2 (S.D. Tex. Sept. 25, 2019); see also U.S. v. Ennis, No. EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release."); U.S. v. Wright, No. 16-214-

04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute."). In certain instances, the COVID-19 outbreak may affect whether an inmate can show extraordinary and compelling reasons warranting compassionate release under Section 3582(c)(1)(A)(i). If an inmate has a chronic medical condition that has been identified by the CDC as elevating the inmate's risk of becoming seriously ill from COVID-19, that condition, in light of the pandemic, may rise to the level of "extraordinary and compelling reasons" under Section 3582(c)(1)(a). In other words, some conditions that would not have constituted an "extraordinary and compelling reason" now fall into this category because of the risk of COVID-19.

      Here, even if the Court were to assume that Talley's medical conditions or his family circumstances constituted extraordinary and compelling reasons for compassionate release, granting such release in this case would not comport with the factors enumerated in Section 3553(a).  See 18 U.S.C. § 3582(c)(1)(A).  The nature and circumstances of Talley's offense and his history and characteristics disfavor release.  He pled guilty to the instant offense of access with intent to view child pornography and has a history of sexual crimes against children.  These repeated offenses are egregious in nature and show Talley has a willingness to seek out sexually exploitive materials involving children.  Additionally, an early release at this juncture simply would not reflect the seriousness of Talley's offense, would not promote respect for the law, would not afford adequate deterrence to criminal conduct, and would not protect the public from

further crimes of this defendant. A reduced sentence would also cause disparity from sentences other defendants have received for similar criminal conduct.

## CONCLUSION

Based on the foregoing reasons, Talley's Motion for Compassionate Release (Record Document 94) be and is hereby **DENIED**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 7th day of October, 2021.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT